# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5070 | **DATE** | 12/18/2002 |
| **CASE TITLE** | Robert C. Gienko, et. al. vs. KPMG LLP | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss Count III of Second Amended Complaint and to Strike Portions of Plaintiffs' Prayer for Relief

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, this Court DENIES KPMG's motion to dismiss Count III of the Second Amended Complaint [123-1], and orders KPMG to answer within 21 days. The Court GRANTS in part and DENIES in part KPMG's motion to strike portions of the Plaintiffs' prayer for relief [123-2]. The Court hereby strikes the portions of Plaintiffs' prayer for relief requesting attorneys' fees and punitive damages on Count I, and the portion requesting attorneys' fees for Count II and Count IV. The Court denies the motion to strike the portion seeking punitive damages on Count IV.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 20 2002 | |
| | Notified counsel by telephone. | | date docketed | 144 |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 02 DEC 19 PM 3:30 | date mailed notice | |
| mds(lc) | courtroom deputy's initials | FILED-OT | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| ROBERT C. GEINKO, MARK PUGH, STEVE FAGERMAN, and KENNETH JANOWSKI | ) ) ) ) No. 00 C 5070 |
| Plaintiffs, | ) ) HONORABLE DAVID H. COAR |
| v. | ) ) ) |
| KPMG LLP, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This action arises from Plaintiffs' sale of their business, Strategic Reimbursement Services, Inc. ("SRS"), to Sabratek Corporation ("Sabratek") for allegedly overvalued shares of Sabratek stock (the "SRS Transaction"). This case has considerable history before this Court. On September 28, 2001, this Court dismissed without prejudice Plaintiffs' original complaint against KPMG and other defendants because of Plaintiffs' failure to plead facts sufficient to give rise to a strong inference of scienter under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). See Geinko v. Padda, No. 00 C 5070, 2001 WL 1163728, at *1 (N.D. Ill. Sept. 28, 2001) (hereinafter "Geinko I"). On November 5, 2001, Plaintiffs filed an Amended Complaint and attached copies of the facts alleged in three other independent actions in attempt to cure their pleading deficiencies. All the Defendants moved to dismiss the Amended Complaint on various grounds, and on February 26, 2002, this Court granted defendants' motions to dismiss, but also granted Plaintiffs leave to amend their complaint. See Geinko v. Padda, No. 00 C 5070, 2002 WL 1234567 (N.D. Ill. Feb. 26, 2002) (hereinafter "Geinko II"). All the defendants save KPMG reached a settlement with Plaintiffs, and on April 16, 2002, Plaintiffs filed their Second Amended Complaint solely against KPMG. Before

144

this Court is KPMG's motion to dismiss Count III of the Second Amended Complaint and to strike portions of Plaintiffs' prayer for relief. For the following reasons, the Court DENIES KPMG's motion to dismiss Count III and GRANTS in part and DENIES in part its motion to strike.

## I. Background

This Court has set forth the background facts in detail as they relate to KPMG and the previous defendants in Geinko I, 2001 WL 1163728, at *1-2. Thus, in this opinion, the following facts specifically center on KPMG's conduct as derived from the Second Amended Complaint. Plaintiffs seek relief for KPMG's intentional or reckless misconduct in furtherance of the fraudulent scheme that caused Plaintiffs to sell their business, Strategic Reimbursement Services, Inc. ("SRS") to Sabratek Corporation ("Sabratek") in exchange for essentially worthless Sabratek stock on June 29, 1999 (the "SRS Transaction"). Plaintiffs allege that, as a result of KPMG's fraudulent and deceptive misconduct, Plaintiffs have suffered substantial damages and the loss of all the consideration received for the sale of SRS, including Sabratek stock then-valued at approximately $36 million.

At all relevant times, KPMG served as Sabratek's auditor and accounting firm. KPMG also served as a financial consultant to Sabratek on the SRS Transaction, as well as on other transactions between Sabratek and certain third parties that performed research and development ("R&D") activities on Sabratek's behalf. Plaintiffs allege that KPMG knowingly or recklessly deceived them through the preparation, review, and certification of Sabratek's materially false and misleading public financial statements, upon which Plaintiffs relied at KPMG's urging in deciding to sell SRS for Sabratek stock. Plaintiffs further allege that KPMG intentionally made false and misleading statements to Plaintiffs and their agents and/or omitted material information necessary to make material statements not misleading concerning the validity and veracity of

Sabratek's audited financial statements and the company's financial condition. Plaintiffs reasonably relied upon these misrepresentations to their detriment in deciding to enter into the SRS Transaction.

## II. Discussion

### A. Motion to Dismiss Count III

A complaint fails to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6), only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The plaintiff gets the benefit of the doubt with ambiguities and inferences. Also, the Court treats well-pleaded facts as true for purposes of the motion. See, e.g., Chu v. Sabratek Corp., 100 F. Supp. 2d 815 (N.D. Ill. 2000) ("Chu I").

KPMG moves to dismiss Count III of the Second Amended Complaint, arguing that: Plaintiffs lack standing to bring a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act (CFDBPA), Plaintiffs cannot establish that any alleged deception by KPMG occurred in the course of conduct involving trade or commerce, and the CFDBPA does not apply to certain regulated professions, like accounting, because they do not involve trade or commerce. This Court addresses each argument in turn.

<u>Standing</u>

The CFDBPA, 815 ILCS 505/2, proscribes unfair methods of competition or deceptive practices, including fraud. As is clear from its name, the Act is fundamentally concerned with consumer protection. See Web Communications Group, Inc. v. Gateway 2000, Inc., 889 F.2d 316, 323 (N.D. Ill. 1995). The "Title of the Act" states that it is "an act to protect consumers

-3-

and borrowers and businessmen against fraud, unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." 815 ILCS 505/1. "Consumer" is defined as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e).

Nonconsumers, including businesses and businessmen, may have standing under the Illinois Consumer Fraud Act if the alleged conduct "involves trade practices directed to the market generally or otherwise implicates consumer protection concerns." Athey Prods. Corp. v. Harris Bank Roselle, 89 F.3d 430, 436-37 (7th Cir. 1996) (citations omitted); see also Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc., 190 Ill.App.3d 524, 546 (2d Dist. 1989) (holding that "where the dispute involves two businesses who are not consumers, the proper test is . . . whether the alleged conduct involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns"). Under this consumer-nexus requirement, which survived the 1990 amendment, see Microsoft Corp. v. Logical Choice Computers, Inc., 2000 WL 1038143, at *7 (N.D. Ill. 2000), a nonconsumer cannot state a claim under the Act unless it alleges that KPMG's conduct affected other consumers or otherwise implicated consumer protection concerns. Id.

KPMG argues that Plaintiffs do not have standing because they are sellers in that they "sold" their business to Sabratek. The Act, however, is not limited to include *only* purchasers; rather, it sanctions any deceptive conduct in the course of "advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value . . . ." 815 ILCS 505/1(f). As Plaintiffs point out, the sale of their business was in exchange for Sabratek stock; thus, Plaintiffs were purchasers of

Sabratek stock. Because the Illinois courts interpret the Consumer Fraud Act broadly and do not limit standing to consumers, B. Sanfield, Inc. v. Finlay Fine Jewelry Corp., 857 F. Supp. 1241, 1248 n.10 (N.D. Ill. 1994), this Court finds that Plaintiffs have standing to bring this claim.

2. Trade or Commerce

KPMG next argues that Plaintiffs cannot establish that any alleged deception by KPMG occurred in the course of conduct involving trade or commerce. The Act, however, defines "trade or commerce," to include the distribution of intangible property or any other commodity. 815 ILCS 505/1(f). Illinois federal and state courts interpreting these provisions have held that securities are encompassed by the Act. See Endo v. Albertine, 812 F. Supp. 1479, 1495 (N.D. Ill. 1993); Lyne v. Arthur Anderson & Co., 772 F. Supp. 1064 (N.D. Ill. 1991); Wislow v. Wong, 713 F. Supp. 1103, 1107 (N.D. Ill. 1989); see also Wafra Leasing Corp. v. Prime Capital Corp., 2002 WL 1059889, at *2 (N.D. Ill. May 28, 2002) (holding that the Act applies to securities transactions). Thus, this Court finds that KPMG's alleged fraudulent and deceptive conduct occurred in a course of conduct involving trade or commerce under the CFDBPA.

3. The Accounting Profession

Finally, KPMG argues that Count III of the Second Amended Complaint should be dismissed because the CFDBPA does not apply to certain regulated professions, like accounting, because they do not involve trade or commerce. As stated above, however, KPMG's alleged activity does involve trade or commerce as defined under the CFDBPA. Further, Illinois courts widely hold that accountants are not exempt from liability under the CFDBPA. See Lyne, 772 F. Supp. at 1064; Wafra Leasing, 2002 WL 1059889, at *3; In re First Merchants Acceptance Corp. Sec. Litig., 1998 WL 781118, at *2 (N.D. Ill. Nov. 4, 1998); Shaaban v. Arthur Anderson & Co.,

1992 WL 67851 at * 2 (N.D. Ill. Mar. 25, 1992). This Court therefore DENIES KPMG's motion to dismiss Count III of the Second Amended Complaint.

**B. Motion to Strike Portions of Plaintiffs' Prayer for Relief**

KPMG moves to strike Plaintiffs' prayer for relief requesting attorneys' fees for Count I (Section 10(b)), Count II (common law fraud), and Count IV (negligent misrepresentation), arguing that no authorization for attorney fees on these counts exists as a matter of law. KPMG also moves to strike Plaintiffs' prayer for relief seeking punitive damages for Count I (Section 10(b)) and Count IV (negligent misrepresentation).

Plaintiffs do not dispute that attorney fees and punitive damages are not available for claims under Section 10(b). Thus, this Court hereby strikes Plaintiffs' prayer for relief requesting attorney fees and punitive damages on Count I. In addition, as Plaintiffs neither dispute KPMG's motion to strike attorney fees for their common law fraud and negligent misrepresentation claims, nor do they provide any express authorization by contract between the parties or by a statute, see W.E. O'Neil Constr. Co. v. General Cas. Co. of Illinois, 321 Ill.App.3d 550, 558 (1st Dist. 2001); this Court also strikes the portion of Plaintiffs' prayer for relief requesting attorneys' fees for Count II and Count IV.

As to Plaintiffs' prayer for relief seeking punitive damages on their negligent misrepresentation claim, because Plaintiffs allege that "KPMG's misconduct is outrageous and their acts were performed with malice, evil motive, or reckless indifference toward the rights of others and were willful and wanton," (Second Amended Complaint at ¶ 134), it is possible that they can prove the type of conduct that would enable them to recover punitive damages under Illinois law. Thus, this Court denies KPMG's motion to strike the portion of Plaintiffs' prayer for relief seeking punitive damages on the negligent misrepresentation claim.

## III. Conclusion

For the reasons stated herein, this Court DENIES KPMG's motion to dismiss Count III of the Second Amended Complaint, and orders KPMG to answer within 21 days. The Court GRANTS in part and DENIES in part KPMG's motion to strike portions of the Plaintiffs' prayer for relief. The Court hereby strikes the portions of Plaintiffs' prayer for relief requesting attorneys' fees and punitive damages on Count I, and the portion requesting attorneys' fees for Count II and Count IV. The Court denies the motion to strike the portion seeking punitive damages on Count IV.

Enter:

David H. Coar
United States District Judge

Dated: December 18, 2002